[No. 1231. Decided February 12, 1894.]

EDWARD O. GRAVES, *Appellant*, v. THE CITY OF SEATTLE
et al., *Respondents*.

ELECTIONS AND VOTERS — REGISTRATION — CONSTRUCTION OF STAT-
UTE — LEGISLATIVE INTERPRETATION.

Registration is not a necessary qualification of voters at a special
election held under the provisions of the act of March 3, 1893, for
the purpose of validating warrants and other evidences of indebt-
edness of cities and towns in certain cases.

The opinion of the legislature as to the construction of a law can
have no force, unless such opinion is enacted into a law.

*Appeal from Superior Court, King County.*

*Bausman, Kelleher & Emory*, for appellant.

*George Donworth*, and *James B. Howe*, for respondent:

In order to deprive unregistered electors of the right to
vote at special elections the law must clearly so provide.
*Stevens v. Mayor*, 11 S. E. 150; *Mayor v. Wade*, 16 S. E.
21; *Kaigler v. Roberts*, 15 S. E. 542.

The opinion of a subsequent legislature upon the mean-
ing of a statute is entitled to no more weight than that of
the same men in a private capacity. *Bingham v. Board*,
8 Minn. 441; Bishop, Statutory Crimes, § 76; Endlich,
Interpretation of Statutes, § 372, and authorities cited;
*Goodrich v. Russell*, 42 N. Y. 177; *Ingalls v. Cole*, 47 Me.
530. A recital in an act of parliament of what the law is
does not bind the courts. *Jones v. Mersey Docks*, 11 H. L.
Cas. 518.

The opinion of the court was delivered by

HOYT, J.—By this proceeding appellant sought to pre-
vent the issuing by the city of Seattle of certain bonds,
which had been authorized by an election in said city held

under the provisions of the act of March 3, 1893 (Laws, p. 56), on the ground that the requirements of the statute had been so far departed from in the conduct of such election as to render it of no force.

It is conceded that all of the forms of law were complied with in the holding of such election, except that there was no registration of voters, and that the provisions of the law relating to registration and the furnishing of poll books, etc., had not been complied with. That there were no such formalities is conceded by the respondents. They contend, however, that without them the election was valid. Hence the question presented for determination is, as to whether or not registration was a part of the qualifications of a voter at such election.

That the general registration law does not apply to elections of this kind was held by this court in the case of *Seymour v. Tacoma*, 6 Wash. 138 (32 Pac. 1077), and that decision is decisive of this case, unless by force of the statute under which the election was held registration was required at such election. We have carefully examined the statute and are unable to find that anything has been enacted therein requiring registration. There are expressions contained in the act which clearly show that at the time of its enactment the legislature was of the opinion that the general registration law applied to elections of this kind, but such opinion is in no manner enacted into a law making such general registration law apply to such elections.

It is a familiar rule of statutory construction that the opinion of a legislative body as to the construction of a law can have no force unless it is given force by being enacted into a law. That the legislature has, by way of recitals or otherwise, shown that it thought a certain law already upon the statute books would receive a certain interpretation, cannot influence the courts in construing such statute.

It is the duty of the legislature to enact laws, not to interpret them; and while it is competent for it by enactment to require a law to be construed in a certain way, it is because of the fact of such enactment that it is binding upon the courts, and not by reason of the opinion of the legislature that as it stood, without such enactment, it was capable of such construction.

For these reasons we must hold that there is nothing in the laws enacted subsequently to the decision above referred to which changes the rule therein announced; and as, in our opinion, this question comes within the reason, if not the express holding, of our former decision, the ruling of the superior court that such election was valid without registration, and its judgment rendered thereon must be affirmed.

DUNBAR, C. J., and STILES, ANDERS and SCOTT, JJ., concur.